IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
LONG TERM CARE PHARMACY                     )
ALLIANCE                                    )
                                            )
and                                         )
                                            )
AMERICAN SOCIETY OF                         )
CONSULTANT PHARMACISTS,                     )
                                            )
                    Plaintiffs,             )
                                            )
          v.                                )
                                            )
MICHAEL O. LEAVITT,                         )   Case No. 1:07-cv-01115 (ESH)
                                            )
U.S. DEPARTMENT OF                          )
  HEALTH AND HUMAN SERVICES                 )
                                            )
and                                         )
                                            )
CENTERS FOR MEDICARE AND                    )
  MEDICAID SERVICES,                        )
                    Defendants.             )
_____)

**MOTION FOR ENLARGEMENT OF TIME TO
OPPOSE DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR LEAVE TO
TAKE JURISDICTIONAL DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 6(b), Plaintiffs Long Term Care Pharmacy Alliance ("LTCPA" and American Society of Consultant Pharmacists ("ASCP") (collectively, "Plaintiffs")), by and through their undersigned counsel, respectfully move this Court for an enlargement of time until December 14, 2007 to oppose the Motion to Dismiss of Defendants Michael O. Leavitt, U.S. Department of Health and Human Services, and Centers for Medicare and Medicaid Services (collectively, "Defendants") in the above-referenced action. Plaintiffs seek this enlargement of time so that, in advance of filing their opposition, they may conduct discovery of

1

certain jurisdictional facts essential to their opposition of Defendants' motion to dismiss. Plaintiffs hereby also request leave to conduct such discovery.

Alternatively, Plaintiffs seek an enlargement of time up to November 16, 2007 to respond to Defendants' motion to dismiss. Defendants have advised that they oppose the enlargement of time for discovery, but agree to the alternative extension until November 16, 2007 for Plaintiffs to respond to the motion to dismiss. Under this alternative, Defendants would have until December 5, 2007 to submit a reply in support of their motion to dismiss.

A memorandum in support of this motion and proposed order are attached for the Court's consideration.

Respectfully submitted,

October 11, 2007

   /s/ John L. Oberdorfer
John L. Oberdorfer (D.C. Bar No. 145714)
David J. Farber (D.C. Bar No. 415899)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LONG TERM CARE PHARMACY )
ALLIANCE )
 )
and )
 )
AMERICAN SOCIETY OF )
CONSULTANT PHARMACISTS, )
 )
                        Plaintiffs, )
 )
        v. )
 )
MICHAEL O. LEAVITT, )   Case No. 1:07-cv-01115 (ESH)
 )
U.S. DEPARTMENT OF )
  HEALTH AND HUMAN SERVICES )
 )
and )
 )
CENTERS FOR MEDICARE AND )
  MEDICAID SERVICES, )
                        Defendants. )
_____)

**MEMORANDUM IN SUPPORT OF MOTION FOR ENLARGEMENT OF TIME TO OPPOSE DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY**

      Defendants have moved under Federal Rules 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' Complaint. Central to Defendants' motion under Rule 12(b)(1) are two arguments. The first is that there is no causal relationship between (1) Defendants' failures to provide timely information about the identity and status of institutionalized "dual eligible" beneficiaries who receive prescription drugs from Plaintiffs' member LTC Pharmacies and (2) the corresponding failures by certain PDP sponsors to reimburse LTC Pharmacies for copayments that are erroneously assessed on institutionalized dual eligible beneficiaries. The second is that no action by CMS can redress such injuries. Memorandum in Support of Defendants' Motion to Dismiss at 19-33.

1

But Defendants constitute the agencies and officials tasked with administering the Medicare Part D program and, since the inception of the program, have been intimately involved with the issue of erroneous assessments of copayments on institutionalized dual eligible beneficiaries and reimbursement problems associated with those erroneous assessments. Nonetheless, they lay all of the causal and remedial responsibility for those injuries on independent actions of third parties not before the court—e.g., the individual PDP sponsors, which, because of the incorrect CMS eligibility data, have not been reimbursing LTC Pharmacies for erroneous copayment amounts assessed for institutionalized dual-eligible beneficiaries. *Id.* At the same time, Defendants assert that it is Plaintiffs' burden to adduce facts that show that the reimbursement choices of those PDPs have been or will be made in such manner so as to demonstrate the causal relationship between Defendants' failures and Plaintiffs' injuries and to permit redressability of those injuries. *Id.* at 23.

Many such facts, however, are within Defendants' domain. In a similar case against Secretary Leavitt alleging, *inter alia*, failures by the Secretary and CMS to inform Part D plans on a timely basis of dual eligible beneficiaries' eligibility for subsidies, the Northern District of California ruled that jurisdictional discovery was warranted in that it may be "the only way that Plaintiffs may ascertain whether CMS is responsible for the 'systemic violation of the statute' that they allege." *Situ v. Leavitt*, No. C06-2841 TEH, Order Denying Defendants' Motion for Stay on Discovery and Order Continuing September 25, 2006 Motion Hearing and Supplemental Briefing Schedule (N.D. Cal. Aug. 30, 2006) ("*Situ* Order") at 4 (attached hereto as **Exhibit A**). In the *Situ* case, the court observed that

> Plaintiffs' requests seek to discover the level of involvement by the Centers for Medicare and Medicaid Services ("CMS") …dual eligibles' entitlement [to participate in Low-Income Subsidy program] to defray the costs of the plan…. If Plaintiffs are allowed to discover CMS's actual role in the transfer of this information to Part D prescription drug plans, pharmacies, state Medicaid agencies, and other entities involved in the new program, Plaintiffs may be able to ascertain whether the alleged failures lie with Defendant, owing to his oversight of CMS, or with another entity. Such information

2

> could, in turn, help to establish traceability for all three of Plaintiffs' class allegations. The discovery sought may therefore help to establish the three elements of constitutional standing—injury in fact, causation, and redressability.

*Situ* Order at 3.

In this case, jurisdictional discovery on limited areas relating to causation and redressability is necessary to effectively oppose Defendants' motion to dismiss for lack of standing. *See GTE Media Servs. Inc. v. Bellsouth Corp.*, 199 F.3d 1343, 1352 (D.D.C. 1999) (recognizing standard that "if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified") (citing *Crane v. Carr*, 814 F.2d 758, 760 (D.C. Cir. 1987)). Through targeted interrogatories, one Rule 30(b)(6) deposition, and limited requests for production of documents relating to the topics set forth in the Rule 30(b)(6) deposition notice, Plaintiffs seek to conduct discovery relating to each step of the CMS process of securing information about the identity and eligibility status of dual-eligible beneficiaries and the provision of eligibility data by CMS to PDPs, as well as certain PDP-CMS communications about the eligibility data and reimbursements for institutionalized dual eligible beneficiaries.

Plaintiffs propose the following schedule for this discovery and responding to Defendants' motion to dismiss:

October 19, 2007, Plaintiffs serve interrogatories and requests for production of documents.

November 19, 2007, Defendants respond to the discovery requests. Plaintiffs would notice and take a Rule 30(b)(6) deposition of CMS within 15 days of Defendants' responses.[1]

December 14, 2007, Plaintiffs submit their opposition to Defendants' motion. Defendants would have a reasonable period to reply.

---

[1] If Defendants' responses to Plaintiffs' discovery requests are not substantive, Plaintiffs may be required to seek leave from the Court to adjust the discovery and briefing schedule proposed herein.

In compliance with Local Civil Rule 7(m), counsel conferred with opposing counsel, who oppose the requested enlargement of time to oppose the motion to dismiss to conduct jurisdictional discovery and related request for leave to take such discovery. Counsel for Defendants previously consented, however, to an enlargement of time up to November 16, 2007 for Plaintiffs to respond to the motion and a corresponding enlargement of time for Defendants' reply up to December 5, 2007.

For the foregoing reasons, Plaintiffs hereby request that this Court enlarge the time to file an Opposition to Defendants' Motion to Dismiss and permit Plaintiffs to take jurisdictional discovery in accordance with Plaintiffs' proposed discovery and response schedule. In the alternative, in accordance with the agreement reached between counsel, Plaintiffs seek an enlargement of time up to November 16, 2007 to respond to Defendants' motion to dismiss. A proposed order is attached for the Court's consideration.

Respectfully submitted,

October 11, 2007

/s/ John L. Oberdorfer
John L. Oberdorfer (D.C. Bar No. 145714)
David J. Farber (D.C. Bar No. 415899)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LONG TERM CARE PHARMACY )
ALLIANCE )
)
and )
)
AMERICAN SOCIETY OF )
 CONSULTANT PHARMACISTS, )
)
      Plaintiffs, )
)
   v. )
)
MICHAEL O. LEAVITT, ) Case No. 1:07-cv-01115 (ESH)
)
U.S. DEPARTMENT OF )
  HEALTH AND HUMAN SERVICES )
)
and )
)
CENTERS FOR MEDICARE AND )
  MEDICAID SERVICES, )
      Defendants. )
_____)

**<u>ORDER</u>**

  Upon consideration of Plaintiffs' Motion for Enlargement of Time to Oppose Defendants' Motion to Dismiss, it is, by the Court, this ___ day of _____, 2007, hereby

  ORDERED, that Plaintiffs' Motion for Enlargement of Time to Oppose Defendants' Motion to Dismiss and Request to for Leave to Take Jurisdictional Discovery be and is GRANTED,

  ORDERED, that Plaintiffs shall serve jurisdictional discovery requests by October 19, 2007;

  ORDERED, that Defendants shall have until November 19, 2007 to respond to Plaintiffs' discovery requests;

2

ORDERED, that Plaintiffs shall notice and take one 30(b)(6) deposition within 15 days of Defendants' responses to Plaintiffs' discovery requests; and

ORDERED, that Plaintiffs shall submit their opposition to Defendants' motion to dismiss by December 14, 2007.

_____

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

XIUFANG SITU, et al.,

    Plaintiffs,

v.

MICHAEL O. LEAVITT,

    Defendant.

NO. C06-2841 TEH

ORDER DENYING DEFENDANT'S MOTION FOR STAY ON DISCOVERY AND ORDER CONTINUING SEPTEMBER 25, 2006 MOTION HEARING AND SUPPLEMENTAL BRIEFING SCHEDULE

    This matter came before the Court on Monday, August 28, 2006, on Defendant Michael O. Leavitt's motion for a protective order staying discovery pending the Court's ruling on Defendant's motion to dismiss and Plaintiffs' motion for class certification. After careful consideration of the parties' written and oral arguments, the Court orally DENIED Defendant's motion at the hearing. This written order explains the Court's reasoning in more detail.

    In addition, although Plaintiffs stated their desire to proceed as scheduled with the September 25, 2006 hearing on Defendant's motion to dismiss and Plaintiffs' motion for class certification, the Court sua sponte continues that hearing so that Plaintiffs may receive the discovery sought before moving forward with their opposition to the motion to dismiss or with their own motion for class certification. Accordingly, the existing supplemental briefing deadlines and the September 25, 2006 motion hearing date are VACATED, and the parties shall file their supplemental briefs and appear for the motion hearing on the schedule set forth in this order.

**BACKGROUND**

    On April 26, 2006, Plaintiffs filed a class action complaint and a motion to certify a class of low-income Medicare beneficiaries who have allegedly been unable to receive the

full benefits of Medicare Part D or the Low Income Subsidy ("LIS") program due to alleged actions or failures to act by Defendant, the United States Secretary of Health and Human Services. On June 30, 2006, Plaintiffs served Defendant with seventeen interrogatories and two requests for admissions. On July 14, 2006, Defendant filed a motion to dismiss based in part on lack of subject matter jurisdiction. One week later, Defendant filed this motion for a protective order staying discovery pending the Court's ruling on Defendant's motion to dismiss and Plaintiffs' motion for class certification. Defendant objected to Plaintiffs' requests on grounds that the discovery sought was not relevant to whether this Court has subject matter jurisdiction or to any other issues raised in the motion to dismiss or motion for class certification.

## LEGAL STANDARD

"A district court is vested with broad discretion to permit or deny discovery," *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003), and the court's decision is "reviewable only for abuse of discretion." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (citation omitted). "[A] refusal to grant discovery to establish jurisdiction is not an abuse of discretion when 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.'" *Laub*, 342 F.3d at 1093 (citations omitted). However, where a motion to dismiss for lack of subject matter jurisdiction is pending before a district court, discovery should be granted when "the jurisdictional facts are contested," *id.*, or when a plaintiff must engage in an "intensely factual inquiry" to establish jurisdiction and the supporting facts may be in the defendant's possession. *McMorgan & Co. v. First Cal. Mortg. Co.*, 916 F. Supp. 966, 974 (N.D. Cal. 1995).

## DISCUSSION

Defendant contends that Plaintiffs' discovery requests "do not address the individual Plaintiffs' circumstances at all" and "have no relevance to the issues of standing, mootness, or presentment – the three jurisdictional grounds for dismissal that Defendant has argued."

Reply at 2. Thus, Defendant argues, Plaintiffs' discovery should be stayed pending the Court's ruling on Defendant's motion to dismiss. *See Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (holding that it was not an abuse of discretion to stay discovery pending a motion to dismiss where the discovery sought had no relevance to subject matter jurisdiction).

      Plaintiffs' failure to include interrogatories addressing the individual Plaintiffs' circumstances is, indeed, puzzling to the Court. Moreover, Plaintiffs should have requested the discovery currently at issue before filing their motion for class certification or requested it in opposing Defendant's motion to dismiss. However, despite Plaintiffs' failure to follow either of these two well-established procedures, the requested discovery may be able to ascertain the "'requisite jurisdictional facts'" for the reasons discussed below, and the discovery should therefore be allowed before the Court decides the motion to dismiss on jurisdictional grounds. *McMorgan & Co.*, 916 F. Supp. at 974 (citation omitted).

      Plaintiffs' requests seek to discover the level of involvement by the Centers for Medicare and Medicaid Services ("CMS") in the transfer of information concerning: the auto-enrollment of Medicare beneficiaries who are also eligible for Medicaid ("dual eligibles") in Medicare Part D plans; dual eligibles' entitlement to the LIS to defray the costs of the plan; and the processing of changes in plan enrollment when dual eligibles decide to change prescription drug plans. If Plaintiffs are allowed to discover CMS's actual role in the transfer of this information to Part D prescription drug plans, pharmacies, state Medicaid agencies, and other entities involved in the new program, Plaintiffs may be able to ascertain whether the alleged failures lie with Defendant, owing to his oversight of CMS, or with another entity. Such information could, in turn, help to establish traceability for all three of Plaintiffs' class allegations. The discovery sought may therefore help to establish the three elements of constitutional standing – injury in fact, causation, and redressability, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) – for individual Plaintiffs whose standing has been contested and substitute class representatives that Plaintiffs may seek to identify in

the future.[1] Consequently, it appears that there is a "reasonable probability" that the outcome of Defendant's motion to dismiss may be different if Plaintiffs' discovery is allowed, and it would therefore be error to deny Plaintiffs' requested discovery. *Laub*, 342 F.3d at 1093.

Additionally, the jurisdictional inquiry is intensely factual as it concerns CMS's actual implementation of the Part D program, and the supporting facts may be in the possession of Defendant. Discovery thus appears to be the only way that Plaintiffs may ascertain whether CMS is responsible for the "systemic violation of the statute" that they allege. Opp'n at 4. *See McMorgan & Co.*, 916 F. Supp. at 974 (allowing discovery that could lead to evidence of subject matter jurisdiction under ERISA). Finally, because "it appears that the jurisdictional issues raised in Defendant's motion are intertwined with the merits of this case," this Court has ruled that the standard applicable to a motion for summary judgment will be applied to the motion to dismiss. Order Req. Supp. Briefs and Cont. Mot. Hearings at 2. Therefore, Plaintiffs need only establish the existence of genuinely disputed facts concerning Defendant's jurisdictional challenges to oppose Defendant's motion because "[a] court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citation omitted). Thus, even if Plaintiffs' requested discovery may not definitively establish this Court's jurisdiction, it is sufficient that the discovery seems reasonably likely to lead to evidence that may raise one or more disputed issues of fact on the jurisdictional issues raised by Defendant's motion to dismiss.

Admittedly, this case arises under unique circumstances in which Plaintiffs have requested discovery that they correctly believe to be *relevant* to jurisdictional issues raised in Defendant's motion to dismiss as well as to issues raised in their own motion for class certification, but where Plaintiffs' counsel repeatedly insists that such discovery is not *necessary* for the Court to decide either motion. Plaintiffs' counsel apparently wants this

---

[1] Defendant has not challenged the standing of Plaintiff Josephine Guin, but he has moved to dismiss her claims on grounds of mootness and presentment. If Defendant prevails on either ground, Guin would be dismissed from the case; thus, the standing of the other named plaintiffs is relevant to establish the Court's jurisdiction over this case.

4

1 Court to decide the pending motions based on the information currently in Plaintiffs'
2 counsel's possession and then, if the Court were to rule against Plaintiffs on either motion,
3 have the opportunity to supplement the record at that time. This Court will not proceed in
4 such a disorderly manner, nor will it condone Plaintiffs' counsel's wait-and-see approach.

5 "[F]ederal courts are under an independent obligation to examine their own
6 jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'"
7 *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (citing *Allen v. Wright*, 468 U.S.
8 737, 750 (1984)). Accordingly, the Court sua sponte continues the supplemental briefing
9 deadlines and the motion hearings on Defendant's motion to dismiss and Plaintiffs' motion
10 for class certification to allow the parties and the Court to consider the evidence produced by
11 Defendant in response to Plaintiffs' pending discovery requests. The Court remains puzzled
12 by Plaintiff's counsel's irregular conduct in litigating this case, including requesting the
13 discovery currently at issue after filing Plaintiffs' motion for class certification, failing to
14 request discovery to oppose Defendant's motion to dismiss, and repeatedly asserting in
15 Plaintiffs' reply brief and at oral argument that the discovery sought is not necessary to
16 oppose Defendant's motion. Although the Court does not decide this issue at this time,
17 Plaintiffs' counsel's strategic choices raise serious concerns about her adequacy to represent
18 any class this Court might certify in this case.

20 **CONCLUSION**
21 In short, for the above reasons, Defendant's motion for a protective order staying
22 discovery pending the Court's ruling on Defendant's motion to dismiss and Plaintiffs' motion
23 for class certification is DENIED. The Court GRANTS Defendant's request to calculate the
24 time for responding to the requested discovery from the date of the Court's ruling, and
25 Defendant's responses to Plaintiffs' pending discovery requests are therefore due on
26 **September 27, 2006,** thirty days from August 28, 2006, the date on which the Court issued
27 its oral ruling. Fed. R. Civ. P. 33(b)(3), 36(a). Defendant shall give this matter his highest
28 priority, and no continuances shall be granted. If any disputes arise in answering Plaintiffs'

5

1 discovery requests, the parties shall immediately telephone this Court's courtroom deputy at (415) 522-2047 to arrange for a telephonic conference to resolve the dispute.

IT IS FURTHER ORDERED that the supplemental briefing deadlines ordered by the Court on August 17, 2006, and extended on August 25, 2006, as well as the September 25, 2006 hearing date on Defendant's motion to dismiss and Plaintiffs' motion for class certification, shall be continued to allow consideration of Defendant's discovery responses. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' supplemental brief, which was due on August 31, 2006, shall now be filed on or before **October 4, 2006.**

2. Defendant's supplemental reply brief, which was due on September 11, 2006, shall now be filed on or before **October 11, 2006.**

3. The September 25, 2006 motion hearing shall be continued to **October 23, 2006, at 10:00 AM.**

**IT IS SO ORDERED.**

Dated:  08/30/06

/s/ Thelton Henderson
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT