## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **LONG TERM CARE PHARMACY ALLIANCE,** *et al.,* | ) ) ) ) |  |
| **Plaintiffs,** | ) ) |  |
| v. | ) ) | Civil Action No. 07-01115 (ESH) |
| **MICHAEL O. LEAVITT,** *et al.,* | ) ) ) |  |
| **Defendants.** | ) ) ) |  |

## ORDER

Before the Court is plaintiffs' Motion for Enlargement of Time to Oppose Defendants' Motion to Dismiss and Request for Leave to Take Jurisdictional Discovery [Dkt. #12]. In this action, plaintiffs allege, *inter alia*, that defendants' "failures to provide timely and accurate eligibility data for institutionalized dual eligible beneficiaries" are the root of their member pharmacies' injuries. (Pls.' Reply at 1.) They request "limited discovery" relating to defendants' "collection and provision of essential subsidy-eligibility status information that PDP sponsors, LTC Pharmacies, and institutionalized dual eligible beneficiaries depend on [d]efendants to provide in order to arrive at accurate cost-sharing and reimbursement decisions." (*Id.* at 1-2.) This information, plaintiffs argue, will allow them to refute the causation and redressability arguments raised by defendants in their motion to dismiss and to demonstrate Article III standing to bring this case. (*See id.* at 4-6.) In opposition to plaintiffs' request, defendants argue that jurisdictional discovery would be futile because they have raised two additional independent bases that warrant dismissal, namely sovereign immunity and lack of

prudential standing.  (Defs.' Opp'n at 5.)  Defendants also argue that the discovery proposed by plaintiffs will not yield facts relevant to their causation and redressability arguments.  (*Id.* at 6.)

It is within the Court's discretion to permit preliminary discovery relating to jurisdictional facts, *see Med. Solutions, Inc. v. C Change Surgical, LLC*, 468 F.Supp.2d 130, 135 (D.D.C. 2006), and the D.C. Circuit has allowed jurisdictional discovery relating to standing in particular where "allegations indicate its likely utility." *Natural Res. Def. Council v. Pena*, 147 F.3d 1012, 1024 (D.C. Cir. 1998) (remanding case for jurisdictional discovery where plaintiff's allegations suggested "at least one way in which [they] *may* be able to establish their standing" (emphasis in original)).  While defendants have raised several significant arguments for dismissal and in opposition to plaintiffs' discovery requests, the Court will, out of an abundance of caution, grant plaintiffs' requests for limited jurisdictional discovery relating to the Article III standing requirements of redressability and causation, as delineated in the attachments to their reply brief, excluding the questions about the "[c]ommunications by which [defendants] first became aware of issues relating to reimbursements to LTC pharmacies . . . ." (*See* Pls.' Ex. A ¶ 5.)  Specifically, the Court will allow the planitiffs' proposed interrogatories 1 through 7, the proposed Rule 30(b)(6) deposition, excluding topic 5, and the related document requests.  If defendants' declarant Abby Block is not designated as their 30(b)(6) witness, plaintiffs may also depose Ms. Block on the topics raised in her declaration.  This preliminary discovery must be completed by November 30, 2007.

However, as the discovery requested by plaintiffs relates only to the redressability and causation arguments raised in defendants' motion to dismiss, plaintiffs shall respond to all the other arguments for dismissal raised in defendants' motion by November 16, 2007, and defendants may file a reply by December 5, 2007.  Plaintiffs shall file any additional opposition

on the issues of redressability and causation by December 10, 2007, and defendants may file a reply by December 21, 2007.

Accordingly, plaintiff's motion [Dkt. # 12] is **GRANTED IN PART** per the terms of this order.

**SO ORDERED**.

                        /s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: November 1, 2007